# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case No. 1:07CR00028 |
| v. | ) | **OPINION** |
| | ) | |
| **DEMETRIUS TYRONE GARDNER,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; Brian J. Beck, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant was sentenced in 2009 after a determination by this court that he was a Career Offender as defined by the Sentencing Guidelines. The present question is whether the defendant may successfully attack that sentence in a later § 2255 motion on the ground that one of the predicate convictions for his career offender status – a prior state felony conviction for exposing himself to a child – was erroneously applied. He did not assert that issue on his direct appeal, even though case authority decided while his appeal was pending indicated the error. I find that his attorney's failure to raise the issue on appeal excuses any procedural default and that the defendant is entitled to be resentenced under the proper guideline range.

I

The defendant, Demetrius Tyrone Gardner, was found guilty by a jury in this court of conspiring to distribute or to possess with intent to distribute fifty or more grams of crack cocaine, as well as two counts of making false statements.

In the Presentence Investigation Report ("PSR") prepared for sentencing, the court's probation officer found that Gardner qualified as a Career Offender under U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1 (2008). This finding was based upon Gardner's prior state conviction for taking indecent liberties with a child and his prior federal conviction for possession with intent to distribute cocaine base. No objection was made to this determination. I adopted the findings of the PSR, which pursuant to § 4B1.1, assigned Gardner a Total Offense Level of 37, and a Criminal History Category of VI, yielding an advisory guideline range of 360 months to life imprisonment.

On February 11, 2008, I sentenced Gardner to a term of 360 months imprisonment. Represented by the same attorney who represented him in this court, Gardner appealed and asserted issues related to his trial, but did not challenge his sentence or his classification as a Career Offender. The United States Court of Appeals for the Fourth Circuit affirmed his convictions and sentence. *United States v. Gardner*, 313 F. App'x 668 (4th Cir.) (per curiam) (unpublished), *cert. denied*, 130 S. Ct. 125 (2009).

Represented by the same attorney, Gardner then filed the present Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2011), contending that "a change in law" required that his sentence be set aside. (2255 Mot. ¶ 3.) He relied on *Begay v. United States*, 553 U.S. 137, 144-45 (2008), and *United States v. Thornton*, 554 F.3d 443, 447-48 (4th Cir. 2009), asserting that based on these cases his state court conviction for taking indecent liberties with a child does not meet the definition of a violent felony. In *Begay*, the Court held that a state felony driving under the influence crime was not a violent felony. In *Thornton*, the Fourth Circuit, applying the principles set forth in *Begay*, held that a state statutory rape offense was not a violent felony.

The government filed a Motion to Dismiss, asserting that Gardner's claim was procedurally barred because he did not raise it on appeal. After briefing by the parties, I denied the § 2255 motion. I noted that even absent Career Offender status, Gardner's guideline range still would have been 324 to 405 months.[1] *United States v. Gardner*, 674 F. Supp. 2d 779, 782-83 (W.D. Va. 2009). Accordingly, I found that Gardner's sentence was not unlawful and that § 2255 relief was unavailable. *Id.*

---

[1] The quantity of crack cocaine attributable to Gardner, along with an obstruction of justice enhancement, would have placed him at a Total Offense Level of 36, with a Criminal History Category of VI, resulting in an imprisonment range of 324 to 405 months. *See* USSG ch. 5, pt. A – Sentencing Table (2008).

Gardner appealed and the court of appeals vacated the judgment and remanded the case with directions to this court to address (1) whether Gardner had procedurally defaulted his claim by failing to raise it on direct appeal; and (2) if not, whether *Begay* rendered his sentence "improper." *United States v. Gardner*, 418 F. App'x 229, 230-31 n.3 (4th Cir. 2011) (per curiam) (unpublished).

I then appointed new counsel for the defendant, who has briefed these issues along with government counsel. The issues are now ripe for decision by the court.

II

A collateral attack under § 2255 is not a substitute for direct appeal from the judgment of conviction and sentence. Claims regarding trial or sentencing errors that could have been, but were not, raised on direct appeal are barred from review under § 2255, unless the defendant shows cause for the default and actual prejudice or demonstrates actual innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Attorney error can serve as cause for default, but only if it amounts to a violation of the defendant's constitutional right to effective assistance of counsel. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000).

To prove that counsel's representation was constitutionally defective, a defendant must meet a two-prong standard. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, the defendant must show that "counsel's representation fell

below an objective standard of reasonableness," considering circumstances as they existed at the time of the representation. *Id.* at 688. The defendant must overcome a strong presumption that counsel's performance was within the range of competence demanded from attorneys defending criminal cases. *Id.* at 689.

Second, to show prejudice, the defendant must demonstrate a "reasonable probability" that but for counsel's errors, the outcome would have been different. *Id.* at 694-95. If it is clear that the defendant has not satisfied one prong of the *Strickland* test, the court need not inquire whether he has satisfied the other prong. *Id.* at 697. In a § 2255 motion, the defendant bears the burden of proving his claims by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

> Under the Sentencing Guidelines, a defendant is a career offender if
>
> > (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

USSG § 4B1.1(a). A "crime of violence" under § 4B1.1 means a felony that "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion,

involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical harm to another." USSG § 4B1.2(a).

It may be determined that a predicate conviction was a crime of violence under either clause of 4B1.2(a). The first clause has been referred to as the "force" clause. *United States v. Toyer*, 414 F. App'x 584, 592 (4th Cir. 2011) (unpublished). The portion of the second clause following the enumerated crimes is known as the "residual" or "otherwise" clause. *United States v. Jenkins*, 631 F.3d 680, 683 n.5 (4th Cir. 2011). In interpreting these provisions, the court should consider the case precedent construing the Armed Career Criminal Act ("ACCA"), 18 U.S.C.A. § 924(e)(2)(B)(ii) (West 2000), which uses similar language. *Id.* at 683. Based upon such precedent, the court is required to utilize the so-called "categorical approach" established under the ACCA, looking only to the definition of the offense of which the defendant was previously convicted, *Taylor v. United States*, 495 U.S. 575, 599-602 (1990), or the "modified categorical approach," in which the court examines the charging documents and other approved sources from the prior case, *Johnson v. United States,* 130 S. Ct. 1265, 1273 (2010).

The uncontested facts show that Gardner was convicted in 1999 in the Circuit Court of the City of Bristol, Virginia, based upon an indictment that charged as follows:

> Tyrone Gardner, on or about the 1st day of May, 1999, in said City of Bristol, while being a person over eighteen years of age, did, knowingly and intentionally and with lascivious intent, expose his genital parts to [name of victim], a female child ten years of age, in violation of Virginia Code Section 18.2-370.

(Indictment, ECF No. 121-1.) Gardner pleaded guilty to this charge and was sentenced to five years imprisonment, with four years and six months suspended.

Virginia Code section 18.2-370 provided at the time of Gardner's crime in relevant part that

> Any person eighteen years of age or over, who, with lascivious intent, shall knowingly and intentionally:
>
> (1) Expose his or her sexual or genital parts to any child under the age of fourteen years to whom such person is not legally married . . . . shall be guilty of a Class 6 felony.

1986 Va. Acts ch. 503.[2]

The crime of which Gardner was convicted clearly does not include as an element "the use, attempted use, or threatened use of physical force against the person of another" (the force clause), and thus the only question is whether it

---

[2] The present statute is substantially the same, although the crime is now a Class 5 felony. Va. Code Ann. § 18.2-370(A)(1) (2009). Section 18.2-370 also describes other crimes against children in different subsections, including proposing intercourse to a child. It is entitled as a whole, "Taking indecent liberties with children; penalties." While Gardner's Indictment refers only to section 18.2-370, it is clear that it is charging the crime described in subsection (A)(1). Other than the Indictment, there are no other approved court documents describing Gardner's conduct in the commission of the crime.

involves "conduct that presents a serious potential risk of physical harm to another" (the residual clause). USSG § 4B1.2(a).

In *Begay,* the Supreme Court held that in order to apply the residual clause, the prior felony offense must be "roughly similar, in kind as well as in degree of risk posed" to the enumerated crimes of burglary, arson, extortion, and offenses involving explosives. 553 U.S. at 143. These enumerated crimes, the Court noted, "typically involve purposeful, 'violent,' and 'aggressive' conduct." *Id.* at 144-45. Relying on *Begay*, the Fourth Circuit held in *United States v. Thornton* that the Virginia crime of statutory rape, defined as "'carnally know[ing], without the use of force, a child thirteen years of age or older but under fifteen years of age,'" was not a violent felony. 554 F.3d at 445 n.2, 449 (citation omitted).

Based upon the holdings of *Begay* and *Thornton,* I have no hesitancy in determining that Gardner's conviction of violating section 18.2-370(A)(1) is not of a violent felony as defined by USSG § 4B1.2(a).

Both *Begay* and *Thornton* were decided after Gardner was sentenced, but before the Fourth Circuit decided his direct appeal.[3] It is argued that his prior

---

[3] *Begay* was decided on April 16, 2008, less than two months after sentencing, and before the brief on Gardner's behalf was filed. *Thornton* was decided on February 3, 2009, after briefing, but 24 days before the decision in Gardner's direct appeal was announced. The Federal Rules of Appellate Procedure permit submission of a letter citing supplemental authorities after briefing, without leave of court. Fed. R. App. P. 28(j).

attorney provided ineffective representation by not presenting this issue during the appeal. I agree.

"[T]here is no doubt that the proper interpretation of the language of the residual clause is 'ever evolving.'" *United States v. Doss*, No. 2:10CR00015-003, 2011 WL 3819861, at *3 (W.D. Va. Aug. 27, 2011) (quoting *Sykes v. United States,* 131 S. Ct. 2267, 2287 (2011) (Scalia, J., dissenting)). The Fourth Circuit has characterized *Begay* as establishing a "new rule" in connection with the residual clause which accordingly must be applied to cases still pending on direct appeal. *Thornton*, 554 F.3d at 446 n.4.

It is undisputed that counsel for Gardner did not attempt to rely on *Begay* and *Thornton* in Gardner's direct appeal. While it is perhaps understandable that the attorney overlooked these important cases in the midst of a busy law practice, it is established that this type of lapse may support a claim of unconstitutionally deficient assistance of counsel. *See United States v. Luck,* 611 F.3d 183, 187-88 (4th Cir. 2010) (holding that failure of attorney to request informant instruction as required under case law was professionally deficient).[4]

---

[4] There is no argument that the failure to raise the issue was the result of a reasoned decision by the attorney. The attorney has filed a declaration stating that he was simply unaware of the decisions in *Begay* and *Thornton*.

I also find that had Gardner's attorney raised the issue on appeal, there is a reasonable probability that his case would have been remanded for resentencing, in light of a sentencing court's obligation to correctly calculate the proper range of imprisonment under the Sentencing Guidelines and the "significant risk" to the defendant posed by the application of a higher, but improperly calculated, range. *See United States v. Lewis*, 606 F.3d 193, 203 (4th Cir. 2010).[5]

Because the ineffective assistance of his counsel excuses Gardner's procedural default, and because his state conviction for exposing himself to a child is not a violent felony, the application of the Career Offender guideline at his sentencing was improper. The relief required is to resentence Gardner, after calculation of the proper guideline range.

III

For these reasons, the defendant's § 2255 motion will be granted and his sentence vacated, effective upon his resentencing. The defendant will be returned to this court for resentencing, at which he will be represented by his present appointed counsel.

---

[5] That is not to say that the defendant will receive a lower sentence upon resentencing. That sentence has yet to be determined.

A separate Order will be entered.

DATED: April 27, 2012

/s/ James P. Jones
United States District Judge